[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S MOTION TO COMPEL — AUGUST 7, 2000
1. Under Article 10 of the Separation Agreement of the parties which concerns summer camp and educational expenses of the minor children, the court finds that the defendant is responsible for the following expenses for the minor child, Richard:
A. Summer camp, August 2000 $360
 B. Hamden Hall School Expenses for 2000 academic year
Tuition $15,990
Books $422.34
$ 47.44 $ 470 $16,460
The defendant shall pay the summer camp expense of $360 directly to the provider or to the plaintiff if she has made the payment no later than December 31, 2000.
The defendant shall either make the Hamden Hall School tuition payments or arrange a payment schedule directly with the school no later than December 31, 2000.
The defendant shall reimburse the plaintiff for the payment for school books purchased in the amount of $470 no later than December 31, 2000.
There was no evidence presented that the class trip to Madrid, Spain in the year 2001 was a mandatory school requirement. Therefore, the defendant has no obligation for the payment of the costs of the trip ($1,941). However, the defendant, at his option, may make the payment to the school. The defendant shall notify his son and the plaintiff of his intentions by December 31, 2000.
2. The defendant shall furnish the plaintiffs counsel with written authorization permitting the plaintiffs counsel to communicate with the defendant's life insurance carrier to verify $100,000 coverage on the defendant's life as security for his child support obligation.
3. The plaintiffs request to compel the defendant to pay her $72,500 was withdrawn after the court indicated that this matter was previously ruled upon at a prior hearing before the court. (Doherty, J.).
4. Other than listing a liability of $6,500 for attorney's fees in the plaintiffs financial affidavit, the plaintiff presented no evidence as to CT Page 14382 what fees were claimed as to matters involved in the preparation of the instant motion. Also, plaintiffs counsel presented no evidence to justify the claim as far as hours involved and hourly rate charged.
The request for fees is denied without prejudice for the plaintiff to renew the motion at a future time at a short calendar session.
 PLAINTIFF'S MOTION TO MODIFY CHILD SUPPORT #346
Plaintiff has produced no evidence to establish a substantial change of circumstances since the prior modification hearing in January, 1997. Also, the plaintiff has failed to prove any changes in the defendant's financial situation since 1997.
In 1997, the court, Doherty, J., found the defendant's earning capacity to be $75,000 per year gross and $52,000 per year net. Under the current child support guidelines the defendant's obligation would be $204 per week which is not substantially different than the current order.
The plaintiffs motion is denied.
 DEFENDANT'S MOTION TO MODIFY CHILD SUPPORT (#348)
The defendant has failed to produce evidence to establish a substantial change of circumstances since the prior modification hearing in January, 1997.
The defendant's motion is denied.
So Ordered.
NOVACK, JUDGE TRIAL REFEREE